UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------------- X
IMPERIA TRADING INC.                          :
                                              :
        Plaintiff,                            :
                                              :
        v.                                    :   No. 15-cv-00142
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
        Defendant.                            :
------------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff, Imperia Trading Inc. ("Imperia Trading"), by and through undersigned counsel, for its Complaint against Defendant, the UNITED STATES (the "Government"), does hereby state and allege as follows:

## CAUSE OF ACTION

1. This action is brought to contest the denial, in part, of plaintiff's protest against United States Customs and Border Protection's appraisement, in liquidation, of certain entries of wearing apparel and apparel accessories.

## JURISDICTION AND STANDING

2. This Court has subject matter of this jurisdiction pursuant to 28 U.S.C. §1581(a).

3. All liquidated duties, charges and interest were paid by plaintiff prior to the commencement of this action.

4. Plaintiff is the importer of record and paid the liquidated duties, and has standing to bring this action.

**STATEMENT OF FACTS**

5. Plaintiff was identified as the importer of record for various entries of wearing apparel and apparel accessories imported at the Port of JFK International Airport, New York, and Newark, New Jersey.

6. Plaintiff purchased the merchandise which is the subject of this action from a Hong Kong-based exporter, Team Energy, on the basis of landed, duty-paid (LDP) prices.

7. Unbeknownst to plaintiff, and without plaintiff's authorization, Team Energy caused the subject merchandise to be entered in plaintiff's name, under cover of commercial entries which did not correctly show the price which plaintiff had paid, or agreed to pay, for the imported merchandise.

**8.** United States Customs and Border Protection ("CBP") declined to liquidate the merchandise on the basis of entered values and instead appraised the merchandise, in liquidation, on the basis of the landed duty-paid prices paid by plaintiff Imperia Trading to Team Energy, adjusted to reflect a deduction for international transportation charges incurred in bringing the goods from Hong Kong to the United States and United States Customs duties.

9. Team Energy purchased the imported apparel from various producers in the People's Republic of China ("China"), at prices indicating that the goods were sold for export to the United States.

10. At the time the merchandise was sold by the various producers to Team Energy, the merchandise was labeled and marked to indicate that it was destined for the United States.

11. Plaintiff timely protested the appraisement of its merchandise in liquidation, and the protest was denied in respect of goods which plaintiff purchased from Team Energy. Plaintiff

requested voidance of its protest denial pursuant to 19 U.S.C. § 1515(d), but the voidance request was denied.

12. Plaintiff timely commenced this action within 180 days of the date of denial of its protest.

## COUNT I

13. Paragraphs 1 through 12 of this Complaint are restated and incorporated by reference as though fully set forth herein.

14. The subject merchandise is subject to appraisement on the basis of transaction value, as defined in 19 U.S.C. §1401a(b), which is the best evidence of its contents.

15. The "transaction value" of imported merchandise is defined as the price actually paid or payable for the merchandise, when sold for exportation to the United States, plus certain statutory additions not here relevant.

16. Where goods are the subject of two or more "sales for exportation" to the United States, the transaction value may be determined on the basis of the price in the first such sale which is made at arms' length. *Nissho-Iwai American Corp. v. United States*, 982 F.2d 505 (Fed. Cir. 1992).

17. Team Energy and its Chinese suppliers are not related parties, and prices in "sales for exportation" from the suppliers to Team Energy are made at arms' length.

18. The protested merchandise is properly subject to appraisement on the basis of transaction value, based upon the prices at which the Chinese suppliers sells the goods to Team Energy, for export to the United States.

## COUNT II

19. Paragraphs 1 through 18 of this Complaint are restated and incorporated by reference as though fully set forth herein.

20. To the extent the subject merchandise is appraised on the basis is the landed duty paid ("LDP") prices charged to Imperia Trading, adjustments to that price for international freight charges and Customs duties must be made in order to determine the proper transaction value.

21. On information and belief, Customs in liquidating the entries did not make an accurate or sufficient adjustment to the landed duty paid prices to reflect Customs duties included in such prices.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment in its favor, and enter an order directing the Port Director of Customs to reliquidate the subject entries and refund excess duties, plus interest as provided by law; and granting plaintiff such further and additional relief as this Court may deem just.

                                Respectfully submitted,

                                  /s/ John M. Peterson
                              John M. Peterson
                              Elyssa R. Emsellem

                              NEVILLE PETERSON LLP
                              One Exchange Plaza
                              55 Broadway, Suite 2602
                              New York, NY 10006
                              (212) 635-2730
                              jpeterson@npwny.com
                              *Counsel for Plaintiff Imperia Trading Inc.*

October 13, 2016