**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. MARK A. BARNETT, JUDGE**

--------------------------------------------------------------------- X

IMPERIA TRADING, INC.,                        :
                                      :

          **Plaintiff,**                   :
                                      :

          *v.*                        :          **No. 15-cv-00142**
                                      :

**THE UNITED STATES,**                   :
                                      :

          **Defendant.**                 :

--------------------------------------------------------------------- X

## PLAINTIFF'S RULE 56.3 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

In accordance with Rule 56.3 of the Rules of the United States Court of International Trade ("USCIT Rule"), plaintiff Imperia Trading Inc. ("Imperia"), respectfully submits this statement of material facts to which there is no genuine issue to be tried, to accompany its Motion for Summary Judgment in this case. Plaintiff avers that the following material facts are not in dispute:

1.  Plaintiff Imperia is a Port Washington, NY based importer and wholesaler of men's wearing apparel and apparel accessories established in 1987. See Affirmation of Raffi Shaya at ¶ 1.

2.  Prior to the entries at issue, ("Imperia") purchased goods from foreign vendors on "FOB Port of Export" delivery terms, as defined in the INCOTERMS (2010). This means that, Imperia acquired title to the goods, and risk of loss, when they are loaded on to a vessel at the foreign port of exportation to the United States, acted as importer of record, declared to Customs the FOB price as the basis for dutiable "transaction value" of the merchandise, and paid any Customs duties owing.

3.  In 2011, two of Imperia's established vendors of Chinese-made goods, Team Energy and New Treasure, approached Imperia separately about selling goods to Imperia on a "delivered duty paid" (DDP) INCOTERMS (2010). The use of the "DDP" INCOTERM signifies that foreign

sellers would arrange for the international transportation of the goods, act as importer of record, pay all Customs duties owing, and make delivery of the goods to Imperia's warehouse in Port Washington, New York. See Affirmation of Raffi Shaya at ¶ 2.

4.   Team Energy and New Treasure exported the subject merchandise to the United States, invoicing Imperia at DDP prices, which Imperia paid. Imperia did not pay duties on the goods, nor was it billed for Customs brokerage and clearance services. See Affirmation of Raffi Shaya at ¶ 3.

5.   Imperia had no visibility into the movement of the goods, did not file Customs entries or tender duties, and received no copies of Customs entries, entry summaries, or bills for Customs brokerage or freight forwarding services. Imperia assumed, logically, that the foreign sellers, Team Energy and New Treasure, or agents retained by them, were acting as importers of record, as the DDP Incoterm designates. See *Id.*

6.   In late 2013, Imperia began receiving requests for information and inquiries from Customs respecting certain entries of merchandise made at the Port of JFK International Airport, New York, and Newark, New Jersey during the years 2011 and 2013. Imperia had no records regarding the importation of these goods, nor had it paid any duties in respect of these entries. See Affirmation of Raffi Shaya at ¶ 4.

7.   Imperia began an investigation into the issue and learned for the first time that Team Energy and New Treasure had solicited a Customhouse broker holding a Power of Attorney (POA) from Imperia, Agra-Services, Inc. to file entries for the goods, naming Imperia as importer of record. Duties for the goods were advanced by the foreign sellers, who also paid for Customhouse brokerage services. However, Customs advised Imperia that it had in fact been named as importer of record for the entries in question. The filer code associated with the entries in question was that

of Agra-Services, Inc., a licensed United States Customs broker which held a Customs POA from Imperia. See Affirmation of Raffi Shaya at ¶ 5.

8.  Imperia had no idea that it was being named as the importer of record on these shipments, because the logistics providers handling the DDP shipments (Wider and Agra-Services) treated them differently from the way they handled FOB shipments for Imperia Trading. With respect to the DDP shipments, duties were forwarded to the broker by Wider Services on behalf of Team Energy and New Treasure; Customs duties not paid out of Imperia's Automated Clearing House ("ACH") account, which would have alerted Imperia to the situation. See Affirmation of Raffi Shaya at ¶ 6-7.

9.  Agra Services Inc. invoiced Wider, the freight forwarder, for its clearance services, and provided Wider with copies of the Customs Form 7501 entry summaries and associated records. Imperia never received copies of these documents. Imperia did continue to receive such documents, and pay duties, on its FOB purchases of merchandise, for which the company had knowingly been Importer of Record. See Affirmation of Raffi Shaya at ¶ 6-7.

10. Both Team Energy and New Treasure have acknowledged in writing that they were not authorized to enter the DDP goods in the name of Imperia, and that it was an error for them to do so. See Affirmation of Raffi Shaya at ¶ 8, and Exhibit A.

11. When Imperia learned of Team Energy and New Treasure's practice, the practice was terminated, Thereafter, Team Energy and New Treasure have entered DDP shipments in their own names, or in the name of an agent engaged by them. *Id.*

12. When the relevant Customs entries and entry summaries were retrieved, it was determined that the invoices submitted to Customs with the entries contained declared values which did not correlate with the DDP prices paid by Imperia. Customs officials appraised the subject goods in

liquidation on the basis of the DDP prices paid by Imperia, adjusted to remove certain non-dutiable charges. The liquidated values were higher than the entered values, and Customs billed Imperia, as the importer of record, for additional duties and interest. See Affirmation of Raffi Shaya at ¶ 9-11.

13. Imperia timely protested liquidation of the subject entries. Imperia's protest asserted that the goods were properly subject to appraisement on the basis of transaction value, 19 U.S.C. §1401a(b), according to the prices charged by the various unrelated Chinese manufacturers to Team Energy and New Treasure in sales "for exportation to the United States". At the time the merchandise was sold by the various producers to Team Energy, the merchandise was labeled and marked to indicate that it was destined for the United States, and was shipped directly from China to the United States. See Affirmation of Raffi Shaya at ¶ 12-13.

14. Customs allowed Imperia's protest with respect to all of the New Treasure shipments, but one. Customs denied the protest with respect to the Team Energy shipments, citing a lack of certain documentation. See Affirmation of Raffi Shaya at ¶ 14.

15. Imperia is not a related party to Team Energy or the manufactures as defined in 19 U.S.C. § 1401a(g)(1). See Affirmation of Raffi Shaya at ¶ 17.

16. Team Energy and its vendors are not "related parties" as defined in 19 U.S.C. § 1401a(g)(1).

17. Imperia did not provide any assists in connection with the imported goods, nor did it pay any selling commissions, royalties, license fees, nor remit any proceeds of the resale, disposition or use of the goods to any person. See Affirmation of Raffi Shaya at ¶ 18.

**Entry H67-1397095-1**

18. Imperia placed purchase orders ("P.O") HK3648 and HK3649 on March 23, 2012 with Team Energy for the purchase of 14,091 Style DLHWC1001 style V-Neck sweaters and 9,690 Style DLHWC1002 style crew neck sweaters of various colors. *See* Exhibit A, p. 2-3.

19. In anticipation of this order, which had been discussed among the parties, Team Energy in turn placed a purchase order with garment manufacturer Lap Shing Knitting Factory ("LSKF") on March 12, 2012. This PO cover multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit A, p. 4-13.

20. The goods were manufactured and on July 16, 2012 the merchandise was sent by LSKF to Team Energy along with other orders as demonstrated in the packing list. See Exhibit A, p. 15-32.

21. On August 1, 2012 Lap Shing sent an invoice to Team Energy for $108,472.43. This invoice covered 14,091 Style DLHWC1001 style V-Neck sweaters, expressed as 1,174 and 3/12 dozen, and 9,690 Style DLHWC1002 style crew neck sweaters, expressed as 807 and 6/12 dozen, on the invoice. The invoice also covers style DLHWC3001, covered by Entry H67-1397264-3. See Exhibit A., p. 14.

22. On September 18, 2012 Team Energy made a payment to Lap Shing for $70,352.13 covering the invoiced amount for the Style DLHWC1001 and DLHWC1002 sweaters in this entry. See Exhibit A, p. 33.

23. On August 12, 2012 H67-1397095-1 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $87,392 and reflected duties of $14,069.12. See Exhibit A, p.1.

24. However, Team Energy invoiced Imperia for a combined $329,366.85. This invoice was paid by Imperia in two payments of $200,000 and $129,366.85 on August 20 and August 27, 2012.

25. In its investigation Customs re-liquidated Imperia's entries at the $329,366.85 dollar value included on the invoice paid by Imperia to Team Energy. See Exhibit A, p. 34-36.

26. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $70,352.13 value paid from Team Energy to LSKF for this entry and a combined $108,472.43 for this entry combined with Entry H67-1397264-3.

### Entry H67-1397264-3

27. Imperia placed ("P.O") HK3650 on March 23, 2012 with Team Energy for the purchase for 14,504 style DLHWC3001 v-neck cardigans. See Exhibit B, p. 3.

28. Having previously discussed the order with Imperia, Team Energy in turn placed a purchase order with garment manufacturer LSKF on March 12, 2012. This PO cover multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit B, p.4-6.

29. The goods were manufactured and on July 23, 2012 the merchandise was sent by LSKF to Team Energy along with other orders as demonstrated in the packing list. See Exhibit B, p. 8-18.

30. On 8/1/12 Lap Shing invoiced Team Energy $38,430.12 for 14,502 style DLHWC3001 cardigans. The Invoice also covers style DLHWC1001 and DLHWC1002 sweaters covered by Entry H67-1397095-1. See Exhibit B, p. 7.

31. On September 18, 2012 TE made a payment to Lap Shing for $38,430.30 covering the invoiced amount for the DLHWC3001 cardigans. See Exhibit B, p.19.

32. On August 18, 2012 Entry H67-1397264-3 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $46,468 and reflected duties of $7434.88. See Exhibit B, p. 1-2.

33. However, Team Energy invoiced Imperia for $181,275. This invoice was paid by Imperia on September 12, 2012.  See Exhibit B, p. 20-21.

34. In its investigation Customs re-liquidated Imperia's entries at the $181,275 dollar value included on the invoice paid by Imperia to Team Energy.

35. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $38,430.30 value paid from Team Energy to Lap Shing and a combined $108,472.43 for this entry combined with Entry H67-1397264-3.

**Entry H67-1398303-8**

36. On 3/2/12, Imperia placed Purchase Order HK3518 with Team Energy for 342 style MTHWC16601 L/S V-Neck pullover sweaters. On 3/8/12, Imperia placed Purchase Order HK3541 with Team Energy for 490 style HZZ17028-Z L/S Half-Zip Mock pullover sweaters. On 3/9/12, Imperia placed Purchase Order HK3519 with Team Energy for 192 style MTHWC16606 L/S Polo pullover sweaters, Purchase Order HK3520 for 144 style MTHWC16602 L/S crew neck pullover sweaters, Purchase Order HK3522 for 468 style CTHWC1056 L/S Polo pullover sweaters, Purchase Order HK3523 for 600 style CTHWC1001 L/S V-Neck pullover sweaters, Purchase Order HK3524 for 336 style CTHWC1058 L/S Mock pullover sweaters, Purchase Order HK3525 for 384 style CTHWC1002 L/S crew neck pullover sweaters, Purchase Order HK3533 for 308 style MSHWC16601 L/S V-Neck pullover sweaters, Purchase Order HK3534 for 160 style MSHWC16608-Z L/S Zip Mock pullover sweaters, and Purchase Order HK3535 for 160 style MSHWC16606 L/S Polo pullover sweaters. See Exhibit C, p. 3-13.

37. Team Energy in turn placed a purchase order with garment manufacturer LSKF on July 31, 2012. This PO covers multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit C, p. 14-29.

38. The goods were manufactured and on August 24, 2012 the various t-shirts, polo shirts and sweaters were sent to Lap Shing along with other orders as demonstrated in the packing list. See Exhibit C, p. 31-41.

39. On 9/2/12 Lap Shing invoiced Team Energy $162,473.06, with the products of this entry valued at $8,890.39; this invoice also covers products in entries H67-1398124-8 and H67-1399095-9. Exhibit C, p. 30.

40. On 10/24/12 Team Energy made a payment to Lap Shing, covering the $8,890.39 owed in this entry and the money owed in entry H67-1398124-8, for a total payment of $12,870.93. Exhibit C, p. 42.

41. On August 27, 2012 H67 1398303-8 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $8,173 for two line items and reflected combined duties of $1,313.58. Exhibit C, p. 1-2.

42. However, Team Energy invoiced Imperia for $54,723.50. This invoice was paid by Imperia on September 19, 2012.  Exhibit C, p. 43-44.

43. In its investigation Customs re-liquidated Imperia's entries at the $54,723.50 value included on the invoice paid by Imperia to Team Energy.

44. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $8,890.39 value paid from Team Energy to Lap Shing.

**Entry H67-1398124-8**

45. On 3/9/12, Imperia placed with Team Energy Purchase Order HK3521 for 132 style MTHWC36601 S/L V-Neck sweaters, Purchase Order HK3536 for 72 style MSHWC36601 S/L V-Neck Sweaters, Purchase Order HK3542 for 348 style CTWHWC19231 L/S V-Neck Sweaters,

Purchase Order HK3543 for 330 style CTWHWC19232 L/S Crew neck sweaters, Purchase Order HK3544 for 240 style CTWHWC19242 L/S Crew neck sweaters, Purchase Order HK3545 for 384 style CTWHWC19234 L/S Turtleneck sweaters, and Purchase Order HK3546 for 168 style CTWHWC19252 L/S Crew neck sweaters. Exhibit D, p. 3-9.

46. Team Energy in turn placed a purchase order with garment manufacturer LSKF on March 12, 2012. This PO covers multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. Exhibit D, p. 10-17.

47. The goods were manufactured and on August 21, 2012 the various t-shirts, and turtleneck sweaters were sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list Exhibit D, p. 19-25.

48. On September 2, 2012 LSKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. The invoice to Team Energy is for $162,473.06, with the products of this entry valued at $3,980.54; this invoice also covers the payment owed by Team Energy in entries H67-1398303-8 and H67- 1399095-9. See Exhibit D, p. 18.

49. On 10/24/12, Team Energy made a payment of $12,870.93 to Lap Shing, covering the items in this entry for $3,980.54 and the items in entry H67-1398303-8. See Exhibit D, p. 26.

50. On August 23, 2012 H67-1398124-8 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $3,918 for two line items and reflected combined duties of $626.88. See Exhibit D, p. 1-2.

51. However, Team Energy invoiced Imperia for $23,256.60. This invoice was paid by Imperia on September 12, 2012. See Exhibit D, p. 27-28.

52. In its investigation Customs re-liquidated Imperia's entries at the $23,256.60 value included on the invoice paid by Imperia to Team Energy.

53. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $3,980.54 value paid from Team Energy to LSKF.

**Entry H67-1399534-7**

54. Imperia placed ("P.O") HK3635 on March 22, 2012 with Team Energy for the purchase of 1576 DLRSHZZ18021 long sleeved V-neck T-shirts in different colors.  See Exhibit E, p. 3.

55. Team Energy, having previously discussed the order with Imperia, on 3/12/12 placed a PO with LSKF for these items, destined for export to the United States. This PO covers multiple order placed by Team Energy.  See Exhibit E, p.4-13.

56. The goods were manufactured and on September 14, 2012 the various t-shirts, and turtleneck sweaters were sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list. See Exhibit E, p.  15-25

57. On September 27, 2012 LSKF invoiced Team Energy for the goods destined to be exported to the U.S. for $107,299.92, including $67,555.05 for the above items; items for H67-1400550-0 were also covered by this invoice. See Exhibit E, p. 14.

58. On November 11, 2012 Team Energy paid Lap Shing the $67,555.05 to Lap Shing for the items in this entry. See Exhibit E, p. 26.

59. On September 17, 2012 H67 1399534-7 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $6,461 for two line items and reflected combined duties of $1033.76.  See Exhibit E, p. 1-2.

60. However, Team Energy invoiced Imperia for $42,728.55. This invoice was paid by Imperia October 22, 2012 as part of a $190,687.30 wire payment for multiple invoices. See Exhibit E, p.27-28.

61. In its investigation Customs re-liquidated Imperia's entries at the $42,728.55 value included on the invoice paid by Imperia to Team Energy.

62. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $67,555.05 value paid from Team Energy to Lap Shing.

**Entry H67-1400294-5**

63. Imperia placed ("P.O") HK3639 on March 22, 2012 with Team Energy for the purchase of 788 style DLRSHZZ13612 sweaters.  See Exhibit F, p. 3.

64. Team Energy in turn placed a purchase order with garment manufacturer Lai Wan Knitting Factory ("LWKF") on July, 31 2012. This PO covers multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit F, p. 4.

65. The goods were manufactured and on September 28, 2012 the sweaters were sent to Team Energy by LWKF along with other orders as demonstrated in the packing list. See Exhibit F, p. 6-11.

66. On October 12, 2012 LWKF invoiced Team Energy for $2,853.33 for 800 sweaters the goods destined to be exported to the U.S. for Imperia.  See Exhibit F, p. 5.

67. On November 15, 2012 Team Energy paid LWKF  $2,853.33, fulfilling the first sale rule transaction. See Exhibit F, p. 12.

68. On October 1, 2012 H67-1400294-5 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $2,078 and reflected duties of $342.87.  See Exhibit F, p. 1-2.

69. However, Team Energy invoiced Imperia for $17,440. This invoice was paid by Imperia on November 1, 2012.  See Exhibit F, p. 13-14

70. In its investigation Customs re-liquidated Imperia's entries at the $17,440 value included on the invoice paid by Imperia to Team Energy.

71. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $2,853.33 value paid from Team Energy to Lap Shing.


**Entry H67-1401100-3**

72. On 3/22/12, Imperia placed Purchase Order HK3637 for 788 style DLRSHZZ18669-Z L/S Zip sweaters and Purchase Order HK3638 for 1,576 style DLRSHZZ11458-Z L/S Zip Mock sweaters. On 5/1/12, Imperia placed Purchase Order HK3636a for 72 style HZZ18568-Z L/S Zip Mock sweaters, Purchase Order HK3637a for 36 style HZZ18669-Z L/S Zip sweaters, Purchase Order HK3639a for 36 style HZZ13612 L/S Crew Sweaters, and Purchase Order HK3635a for 72 style HZZ1802-A L/S V-Neck sweaters.   See Exhibit G, p. 3-8.

73. Team Energy in turn placed a purchase order with garment manufacturer LWKF on July, 31 2012. This PO covers multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit G, p. 9-13.

74. The goods were manufactured and on September 28, 2012 the t-shirts were sent to Team Energy by LWKF along with other orders as demonstrated in the packing list. See Exhibit G, p.15-30

75. On October 25, 2012 LWKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. See Exhibit G, p. 14.

76. On October 15, 2012 H67-1401100-3 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $5,979 and reflected duties of $986.54.  See Exhibit G, p. 1-2.

77. However, Team Energy invoiced Imperia for $61,638.90. This invoice was paid by Imperia on December 5, 2012. Imperia paid $54,428.35 on the invoice, because Team Energy deducted the rest of the balance due to production problems.  See Exhibit G, p. 31-35.

78. In its investigation Customs re-liquidated Imperia's entries at the $61,638.90 value included on the invoice paid by Imperia to Team Energy.

79. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $9,021.87 value paid from Team Energy to LWKF.


**Entry H67-1400550-0**

80. On 5/23/12, Imperia placed Purchase Order HK3654 for 23,652 style DLHWC1001 L/S V-Neck sweaters and Purchase Order HK3656a for 10,502 style DLHWC1002 L/S Crew Neck sweaters. On 7/13/12 Imperia placed Purchase order HK3657 for 5785 style DLHWC1054 l/s turtleneck sweaters. See Exhibit H, p. 3-4.

81. Having previously discussed these orders with Imperia, on 3/12/12 Team Energy had placed a Purchase Order with LWKF for these items, destined for export to the United States.  This PO covers multiple order placed by Team Energy and clearly denotes that the products are to be produced for exportation to the U.S. See Exhibit H, p. 5-16.

82. The goods were manufactured and on September 17, 2012 the merchandise were sent to Team Energy by LWKF along with other orders as demonstrated in the packing list. See Exhibit H, p.18-53.

83. On September 27, 2012 LSKF invoiced Team Energy $107,299.92 including $39,744.87 for the goods in this entry; this invoice also covers the payment owed by Team Energy for the goods covered by entry H67-13999534-7.  See Exhibit H, p. 17.

84. On 11/12/12, Team Energy made a payment of $39,744.87, fulfilling the first sale rule. See Exhibit H, p. 55.

85. On October 13, 2012 H67-1400550-0 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $111,216 and reflected duties of $17,794.56.  See Exhibit H, p. 1-2.

86. However, Team Energy invoiced Imperia for $461,275.30. This invoice was paid by Imperia in multiple installments in November 13, 2012, November 20, 2012, March 25, 2013, and October 17, 2013. This payment covered this entry and Entry No. H67-14025920. See Exhibit H, p. 56-65.

87. In its investigation Customs re-liquidated Imperia's entries at the $461,275.30 value included on the invoice paid by Imperia to Team Energy.

88. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $39,744.87 value paid from Team Energy to Lap Shing.


**Entry H67-1400549-2**

89. On 5/3/12, Imperia placed Purchase Order HK3667 for 2847 style DLHWC1056B L/S POLO BIG sweaters, Purchase Order HK3668 for 6145 style DLHWC1056T L/S POLO TALL sweaters, and on 5/23/12 Purchase Order HK3655 for 19191 style DLHWC1056 L/S sweater. See Exhibit I, p. 3-5

90. Team Energy in turn placed a purchase order with garment manufacturer LWKF on July 31, 2012 for these items, destined for export to the United States. This PO covers multiple order placed by Team Energy. See Exhibit I, p. 6-9.

14

91. The goods were manufactured and on September 17, 2012 the t-shirts were sent to Team Energy by LWKF along with other orders as demonstrated in the packing list. See Exhibit I, p. 11-25.

92. On September 28, 2012 LWKF invoiced Team Energy $54,967.10 for the goods destined to be exported to the U.S. for Imperia. See Exhibit I, p. 10.

93. On November 15, 2012 Team Energy paid Lap Shing a $54,967.10 fulfilling the first sale rule transaction. See Exhibit I, p. 26.

94. On October 13, 2012 H67-1400549-2 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $66,180 and reflected duties of $10,588.80.  See Exhibit I, p. 1-2.

95. However, Team Energy invoice Imperia for $265,029.10. Imperia paid this invoice in full on 11/5/12. See Exhibit I, p. 27-29.

96. In its investigation Customs re-liquidated Imperia's entries at the $265,029.10 value included on the invoice paid by Imperia to Team Energy.

97. Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $54,967.10 value paid from Team Energy to Lap Shing.

**Entry H67-1399815-0**

98. On 5/9/12, Imperia placed Purchase Order HK3527 for 576 style CTHWC1001 L/S V-Neck sweaters, Purchase Order HK3529 for 300 style CTHWC 1002 L/S Crew sweaters, Purchase Order HK3526 for 396 style CTHWC1056 L/S Polo sweaters, Purchase Order HK3528 for 264 style CTHWC1058 L/S Mock, Purchase Order HK3530 for 64 style SUHWC16602 L/S Crew neck sweaters, Purchase Order HK3531 for 33 style SUHWC16601 L/S V-Neck sweaters, and

Purchase Order HK3532 for 46 style SUHWC16606 L/S Polos. On 5/1/12, Imperia placed Purchase Order HK3653 for 10,863 style DLHWC1056 L/S Polos. See Exhibit J, p. 3-10.

99. Team Energy in turn placed a purchase order with garment manufacturer LWKF on July 31, 2012. This PO covers multiple order placed by Team Energy. See Exhibit J, p. 11-27.

100.     The goods were manufactured and on September 2, 2012 the merchandise was sent to Team Energy by LWKF along with other orders as demonstrated in the packing list. See Exhibit J, p. 29-41.

101.     On September 12, 2012 LWKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. See Exhibit J, p. 28.

102.     On November 2, 2012 Team Energy paid Lap Shing a combined $34,447.37 fulfilling the first sale rule transaction. See Exhibit J, p. 42.

103.     On September 27, 2012 H67-1399815-0 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $41,187 and reflected duties of $6,589.92. See Exhibit J, p. 1-2.

104.     However, on 9/2/12, Team Energy invoiced Imperia $165,330.70, DDP. Imperia paid this invoice in full on 10/31/12.In its investigation Customs re-liquidated Imperia's entries at this value included on the invoice paid by Imperia to Team Energy. See Exhibit J, p. 43-44.

105.     Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $34,447.37 value paid from Team Energy to Lap Shing.

**Entry H67-1401725-7**

106.     On May 23, 2012 Imperia placed Purchase Order HK 3654, covering 23,652 style DLHWC1001 L/S Polo style sweaters, and Purchase Order 3655, covering 19,191 style DLHWC1056 L/S V-Neck sweaters. See Exhibit K, p. 3-4.

107.     Team Energy in turn, having previously discussed these orders with Imperia, placed a purchase order with garment manufacturer LSKF on March 12, 2012. This PO covers multiple order placed by Team Energy. See Exhibit K, p. 5-11.

108.     The goods were manufactured and on October 22, 2012 the merchandise was sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list. See Exhibit K, p. 13-21.

109.     On November 6, 2012 LSKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. See Exhibit K, p. 12.

110.     On December 12, 2012 Team Energy paid Lap Shing $1,715.83 fulfilling the first sale rule transaction. See Exhibit K, p. 22.

111.     On October 25, 2012 H67-1401725-7 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $6,903 and reflected duties of $173.76.  See Exhibit K, p. 1-2

112.     However, on 10/22/12 Team Energy invoiced Imperia $8,033.00, DDP. Imperia paid this invoice in full on 11/29/12. Payment is for $89,000 covering multiple open invoices. See Exhibit K, p. 23-24.

113.     In its investigation Customs re-liquidated Imperia's entries at the $8,033.00 value included on the invoice paid by Imperia to Team Energy.

114.     Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $1,715.83 value paid from Team Energy to Lap Shing.


**Entry H67-1402592-0**

115.     On 7/13/12, Imperia placed Purchase Order HK3686 for 500 style BFHWC16601 L/S V-Neck sweaters and Purchase Order HK3687 for 300 style BFHWC16602 L/S Crew sweaters.   See Exhibit L, p. 3-4.

116.     Team Energy in turn placed a purchase order with garment manufacturer LSKF on August 23, 2012. This PO covers multiple order placed by Team Energy. See Exhibit L, p. 5-6.

117.     The goods were manufactured and on October 14, 2012 the merchandise was sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list. See Exhibit L, p. 8-9.

118.     On October 24, 2012 LSKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. See Exhibit L, p. 7.

119.     On November 29, 2012 Team Energy paid Lap Shing $2,300 fulfilling the first sale rule transaction. See Exhibit L, p. 10.

120.     On November 12, 2012 H67-1402592-0 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list an entered value of $2,709 and reflected duties of $433.44. See Exhibit L, p. 1-2.

121.     On 10/14/12, Team Energy invoiced Imperia $11,080.00, DDP. Imperia paid this invoice in full on 11/20/2012. This wire payment covered this entry and partial payment for Entry No. H67-14005500. See Exhibit L, p. 11-12.

122.     In its investigation Customs re-liquidated Imperia's entries at the $11,080.00 value included on the invoice paid by Imperia to Team Energy.

123.     Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $2,300 value paid from Team Energy to Lap Shing.

**H67-1399095-9**

124.     On 4/9/12, Imperia placed Purchase Order HK3651 for 22,657 style DLHWC1001 L/S V-Neck sweaters and Purchase Order HK3652 for 10,558 style DLHWC3001 S/L V-Neck sweaters. On 3/29/12, Imperia placed Purchase Order HK3663 for 5048 style DLHWC1001B L/S V-Neck – Big sweaters, Purchase Order HK3666 for 3275 style DLHWC3001T S/L V-Neck – Tall sweaters, Purchase Order HK3664 for 12,782 style DLHWC1001T L/S V-Neck – Tall sweaters, and Purchase Order HK3665 for 2243 style DLHWC3001B S/L V-Neck – Big sweaters. See Exhibit M, p. 3-8

125.     Team Energy, having previously discussed these orders with Imperia, in turn placed a purchase order with garment manufacturer LSKF on March 12, 2012. This PO covers multiple order placed by Team Energy. See Exhibit M, p. 9-22.

126.     The goods were manufactured and on August 20, 2012 the merchandise was sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list. See Exhibit M, p. 24-91.

127.     On 9/2/12 Lap Shing invoiced Team Energy $162,473.06, with the products of this entry valued at $149,602.13; this invoice also covers the payment owed by Team Energy in entries H67-1398303-8 and H67- 1398124-8. See Ex. M, p. 23.

128.     On 10/22/12, Team Energy made a payment of $149,602.13 to Lap Shing, covering the items in this entry fulfilling the first sale rule transaction. See Ex. M, p. 92.

129.     On September 17, 2012 H67-1399095-9 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list a combined entered value of $165,064 and reflected duties of $26410.24.  See Ex. M, p. 1-2.

130.     However, on 8/20/12, Team Energy invoiced Imperia $747,991.20, DDP. Imperia paid this invoice in full on 9/25/12. See Ex. M, p. 93-98.

131.     In its investigation Customs re-liquidated Imperia's entries at the $747,991.20 value included on the invoice paid by Imperia to Team Energy.

132.     Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $149,602.13 value paid from Team Energy to Lap Shing.


**H67-1402166-3**

133.     On 5/23/12, Imperia placed Purchase Order HK3655 for 19191 style DLHWC1056 L/S Polos. See Exhibit N, p. 3.

134.     Team Energy in turn placed a purchase order, destined for export to the United States, with garment manufacturer LSKF on July 31, 2012. This PO covers multiple order placed by Team Energy. See Exhibit N, p. 4-8.

135.     The goods were manufactured and on November 1, 2012 the merchandise was sent to Team Energy by Lap Shing along with other orders as demonstrated in the packing list. See Exhibit N, p. 10-17.

136.     On November 16, 2012 LSKF invoiced Team Energy for the goods destined to be exported to the U.S. for Imperia. See Exhibit N, p. 9.

137.     On December 18, 2012 Team Energy paid Lap Shing a combined $6,798.45 fulfilling the first sale rule transaction. See Exhibit N, p. 18.

138.     On November 5, 2012 H67-1402166-3 was made by Team Energy on an unauthorized use of Imperia's Power of attorney. The Entry list a combined entered value of $5295 and reflected duties of $847.20. See Exhibit N, p. 1-2.

139.     However, on 11/1/12, Team Energy invoiced Imperia $32,209.05, DDP. Imperia paid this invoice in full on 11/29/12. This payment covers this entry and other entries including Entry H67-14017257. See Exhibit N, p. 19-21.

140.     In its investigation Customs re-liquidated Imperia's entries at the $32,209.05 value included on the invoice paid by Imperia to Team Energy.

141.     Under the *Nissho-Iwai* first sale rule duties are properly assessed on the $6,798.45 value paid from Team Energy to Lap Shing.

                    Respectfully submitted,

                    NEVILLE PETERSON LLP

                    /s/ John M. Peterson
                      John M. Peterson
                      Patrick B. Klein
                      One Exchange Plaza
                      55 Broadway, Suite 2602
                      New York, NY 10006
                      (212) 635-2730
                      jpeterson@npwny.com

Dated:  March 15, 2021

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. MARK A. BARNETT, JUDGE**
-------------------------------------------------------------------- X

IMPERIA TRADING, INC.,                               :
                                                     :
      **Plaintiff,**                              :
                                                     :
      *v.*                                       :        **No. 15-cv-00142**
                                                     :
THE UNITED STATES,                                   :
                                                     :
      **Defendant.**                             :
-------------------------------------------------------------------- X

## LIST OF EXHIBITS CITED IN PLAINTIFF'S RULE 56.3 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

| Exhibit | Description |
|---|---|
| N/A | Affirmation of Raffi Shaya[1] |
| Exhibit A | Transaction Documents for Entry H67-1397095-1 |
| Exhibit B | Transaction Documents for Entry H67-1397264-3 |
| Exhibit C | Transaction Documents for Entry H67-1398303-8 |
| Exhibit D | Transaction Documents for Entry H67-1398124-8 |
| Exhibit E | Transaction Documents for Entry H67-1399534-7 |
| Exhibit F | Transaction Documents for Entry H67-1400294-5 |
| Exhibit G | Transaction Documents for Entry H67-1401100-3 |
| Exhibit H | Transaction Documents for Entry H67-1400550-0 |
| Exhibit I | Transaction Documents for Entry H67-1400549-2 |
| Exhibit J | Transaction Documents for Entry H67-1399815-0 |
| Exhibit K | Transaction Documents for Entry H67-140172-7 |
| Exhibit L | Transaction Documents for Entry H67-1402592-0 |
| Exhibit M | Transaction Documents for Entry H67-1399095-9 |
| Exhibit N | Transaction Documents for Entry H67-1402166-3 |
| Exhibit O | FRE 611 Demonstrative of Transactions |

---

[1] Mr. Shaya was unable to execute a version of the attached statement before the filing of the instant brief. Plaintiff will submit the executed, sworn version of Mr. Shaya's statement forthwith.