UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. MARK A. BARNETT, *CHIEF JUDGE*

| | | |
|---|---|---|
| | : | |
| IMPERIA TRADING, INC.., | : | |
| | : | |
| Plaintiff, | : | Court No. 15-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S RULE 56.3 STATEMENT OF MATERIAL FACTS,
<u>AND TO STRIKE CERTAIN OF PLAINTIFF'S EVIDENCE</u>**

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

*Of Counsel*:                    BEVERLY A. FARRELL
Yelena Slepak                   Senior Trial Attorney
Office of Assistant Chief Counsel      Civil Division, U.S. Dept. of Justice
International Trade Litigation        Commercial Litigation Branch
U.S. Customs and Border Protection     26 Federal Plaza, Room 346
                          New York, New York 10278
                          Tel.: (212) 264-9230
                          Attorneys for Defendant

Dated: May 5, 2021

# TABLE OF CONTENTS

I.   PLAINTIFF SUBMITTED EVIDENCE TO THE COURT IN SUPPORT OF ITS
     MOTION FOR SUMMARY JUDGMENT AND ITS RULE 56.3 STATEMENT THAT
     IS CONTRARY TO THE RULES OF THIS COURT OR THE FEDERAL RULES OF
     EVIDENCE AND THE DOCUMENTS AND STATEMENTS THAT RELY UPON
     THEM SHOULD BE STRICKEN FROM THE RECORD ............................................. 1

     A.   Certain Statements From Plaintiff's Rule 56.3 Statement Should Be Stricken .......... 2

          1.   Statements that fail to cite any evidence should be stricken .................................. 2

          2.   Statements constituting legal argument or conclusions of law should be
               stricken ............................................................................................................ 3

          3.   Statements citing evidence that does not support the statement should be
               stricken ............................................................................................................ 3

          4.   Statements relying on evidence containing untranslated foreign language
               should be stricken ........................................................................................... 5

     B.   Certain Of Plaintiff's Evidence Should Be Stricken From The Record ..................... 6

          1.   The Affirmation of Mr. Raffi Shaya should be stricken ....................................... 6

          2.   Portions of the Affirmation of Mr. Raffi Shaya should be stricken ...................... 7

          3.   Documents of Team Energy, Lap Shing, and Lai Wan should be stricken ......... 10

# TABLE OF AUTHORITIES

## **Cases**

Acciai Speciali Terni S.p.A. v. United States,
    120 F. Supp. 2d 1101 (Ct. Int'l Trade 2000) ......................................................... 1-2

Cisneros v. Mukasey,
    292 Fed. Appx. 550 (9th Cir. 2008) ......................................................................... 8

Florida Tomato Exchange v. United States,
    973 F. Supp. 2d 1334 (Ct. Int'l Trade 2014) ............................................................ 1

Heredia v. Americare, Inc.,
 2020 U.S. Dist. LEXIS 122880, 2020 U.S. Dist. LEXIS 122880, *11-*12
 (S.D.N.Y. July 13, 2020) ................................................................................................ 5

Kerr-McGee Chem. Corp. v. United States,
 985 F. Supp. 1162 (Ct. Int'l Trade 1997) ...................................................................... 2

Northwest Hamilton Lake Dev. Co. L.L.C v. Am. Fed., Inc.,
 No. 4:04CV487SNL, 2006 WL 47432 (E.D. Mo. Jan. 9, 2006) ............................... 2, 3

Robinson v. City of Garland, Tex.,
 Civ. Action No. 3:10-CV-2496, 2016 WL 1253557 (N.D. Tex. Feb 29, 2016) .................... 10

Shamrock Power Sales, LLC v. Scherer,
 No. 12-CV-8959 (KMK), 2015 WL 5730339 n.4 (S.D.N.Y. Sept. 30, 2015) ....................... 2, 3

U.S. ex rel Fago v. M & T Mortg. Corp.,
 518 F. Supp. 2d 108 (D.D.C. 2007) ............................................................................ 11-12

Zenith Radio Corp. v. United States,
 823 F.2d 518 (Fed. Cir. 1987) ...................................................................................... 12

## **Statutes**

28 U.S.C. § 1746 ...................................................................................................................... 6-7

## **Rules**

Fed. R. Civ. P. 26(a)(1)(A) ............................................................................................. 8, 11, 12

Fed. R. Evid. 602 ............................................................................................................... 6, 7

Fed. R. Evid. 803(6)(A)-(C) .................................................................................................. 11

Fed. R. Evid. 902(11) ............................................................................................................ 11

Fed. R. Evid. 902(12) ........................................................................................................ 10-11

USCIT Rule 1 ...................................................................................................................... 12

USCIT Rule 26 ..................................................................................................................... 2

USCIT Rule 26(a)(1)(A) ...................................................................................... 8, 11, 12

USCIT Rule 56 ................................................................................................................... 2

USCIT Rule 56(c)(1)(A) ..................................................................................................... 2

USCIT Rule 56(c)(4) ................................................................................................ 6, 7, 8

USCIT Rule 56(3) ........................................................................................................ 1, 2

USCIT Rule 56.3(a) ..................................................................................................... 2, 3

USCIT Rule 56.3(c) ..................................................................................................... 2, 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. MARK A. BARNETT, *CHIEF JUDGE*

| | | |
|---|---|---|
| IMPERIA TRADING, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 15-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RULE 56.3 STATEMENT OF MATERIAL FACTS, AND TO STRIKE CERTAIN OF PLAINTIFF'S EVIDENCE

Pursuant to Rules 7, 26, 56, 56.3 of the Rules of the United States Court of International Trade (USCIT), defendant, United States, respectfully moves to strike potions of Plaintiff's Rule 56.3 Statement and to strike certain of plaintiff's evidence.  For the reasons set forth below, we respectfully request that the Court enter our Proposed Order, submitted as an attachment to this motion, which strikes portions of Plaintiff's Rule 56.3 Statement of Material Facts, and strikes certain defective evidence offered by plaintiff because it fails under the Rules of this Court and/or the Federal Rules of Evidence.

**I.     PLAINTIFF SUBMITTED EVIDENCE TO THE COURT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND ITS RULE 56.3 STATEMENT THAT IS CONTRARY TO THE RULES OF THIS COURT OR THE FEDERAL RULES OF EVIDENCE AND THE DOCUMENTS AND STATEMENTS THAT RELY UPON THEM SHOULD BE STRICKEN FROM THE RECORD**

Although motions to strike are generally disfavored, the Court has the discretion and authority to strike statements presented by a party when such statements are in flagrant disregard of the rules.  *See Florida Tomato Exchange v. United States*, 973 F. Supp. 2d 1334, 1338 (Ct. Int'l Trade 2014); *Acciai Speciali Terni S.p.A. v. United States*, 120 F. Supp. 2d 1101, 1106 (Ct.

Int'l Trade 2000); *Kerr-McGee Chem. Corp. v. United States*, 985 F. Supp. 1162, 1164 (Ct. Int'l Trade 1997) (striking materials from the record).

> ### A.      Certain Statements From Plaintiff's Rule 56.3 Statement Should Be Stricken

USCIT Rule 56.3(a) provides that "[o]n any motion for summary judgment filed pursuant to Rule 56, the factual positions described in Rule 56(c)(1)(A) must be annexed to the motion in a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Opinions, speculation, legal argument, or conclusions of law do not constitute facts.  *See Shamrock Power Sales, LLC v. Scherer*, No. 12-CV-8959 (KMK), 2015 WL 5730339, *3 n.4 (S.D.N.Y. Sept. 30, 2015) (citing cases that do not credit or prohibit statements of fact that are legal conclusion, conclusory allegations, opinions, argument); *see Northwest Hamilton Lake Dev. Co. L.L.C v. Am. Fed., Inc.,* No. 4:04CV487SNL, 2006 WL 47432, *2 (E.D. Mo. Jan. 9, 2006) (statements failing to cite any evidence, made without personal knowledge, consisting of hearsay or consisting of legal argument or conclusions will be disregarded).  By its own terms, USCIT Rule 56.3(a) requires that the statements consist of facts that are material.  Further, USCIT Rule 56.3(c) requires that each statement be "followed by citation to evidence which would be admissible."  Evidence that (i) is not authenticated; (ii) fails to comply with the Federal Rules of Evidence (FRE); and/or (iii) fails to comply with the Court's discovery rules (USCIT Rule 26) is inadmissible.  Therefore, any USCIT Rule 56.3 statement relying on such inadmissible evidence should be stricken.

> ### 1.   Statements that fail to cite any evidence should be stricken

Paragraphs 2, 16, 24, 34, 43, 52, 61, 70, 78, 87, 96, 113, 122, 131, 138, and 140 of Plaintiff's Rule 56.3 Statement should be stricken from the record because they do not cite to any evidence and, therefore, violate USCIT Rule 56.3(c).

The first sentence in paragraphs 23, 32, 41, 50, 59, 68, 76, 85, 94, 103, 111, 120, 129, and 138 of Plaintiff's Rule 56.3 Statement should be stricken from the record because they do not cite to any evidence and, therefore, violate USCIT Rule 56.3(c).

**2.   Statements constituting legal argument or conclusions of law should be stricken**

Paragraphs 16, 26, 35, 44, 53, 62, 71, 79, 88, 97, 105, 114, 123, 132, and 141 of Plaintiff's Rule 56.3 Statement violate USCIT Rule 56.3(a) because they constitute impermissible legal argument or conclusions of law, not fact.  Therefore, they should be stricken from the record.  *See Shamrock Power Sales,* 2015 WL 5730339, *3 n.4; *Northwest Hamilton,* 2006 WL 47432, *2.

The last clause of the statement in paragraphs 67, 84, 93, 102, 110, 119, 128, 137 of Plaintiff's Rule 56.3 Statement violate USCIT Rule 56.3(a) because it constitutes impermissible legal argument or conclusions of law, not fact.  Therefore, each should be stricken from the record.  *See Shamrock Power Sales,* 2015 WL 5730339, *3 n.4; *Northwest Hamilton,* 2006 WL 47432, *2.

**3.   Statements citing evidence that does not support the statement should be stricken**

As noted in our response to Plaintiff's Rule 56.3 Statement, the following paragraphs cite evidence that does not support the statements or portions of the statements.  Because these statements lack the evidentiary support required by USCIT Rule 56.3, they should be stricken from the record.

The deficient paragraphs of Plaintiff's Rule 56.3 Statement are paragraphs 1 ("Port Washington, NY based" and "wearing apparel and apparel"), 3 (second sentence), 4 (first and second sentences), 5, 6, 7, 8, 9, 11, 12 (first sentence), 13 (third sentence), 14 (first sentence), 19 (first twelve words), 20 (the goods were not manufactured by Lap Shing, and the packing list

does not state that goods were manufactured or actually sent), 23 (first sentence), 24 (second sentence), 25, 28 (first seven words of first sentence), 29 (the goods were not manufactured by Lap Shing, and the packing list does not state that goods were manufactured or actually sent), 32 (first sentence), 33 (second sentence), 37 (second half of second sentence), 38 (the goods were not manufactured by Lap Shing, and the packing list does not state that goods were manufactured or actually sent), 41 (first sentence), 42 (second sentence), 46 (second sentence), 47 (the goods were not manufactured by Lap Shing, and the packing list does not state that goods were manufactured or actually sent), 48 (first sentence), 50 (first sentence), 51 (second sentence), 55 ("having previously discussed the order with Imperia" and "destined for export to the United States" of first sentence), 56 (the goods were not manufactured by Lap Shing, and the packing list does not state that goods were manufactured or actually sent), 57 ("destined to be exported to the U.S."), 58 (the check amount does not tie to the items in the entry), 59 (first sentence), 60 (second sentence), 64 ("clearly denotes that the products are to be produced for exportation to the U.S."), 65 (packing list does not state that goods were manufactured or actually sent), 66 ("destined to be exported to the U.S."), 68 (first sentence), 69 (second sentence), 73 ("clearly denotes that the products are to be produced for exportation to the U.S."), 74 (packing list does not state that goods were manufactured or actually sent),  75 ("destined to be exported to the U.S."), 76 (first sentence), 77 (second sentence), 80 (second sentence), 81 ("Having previously discussed these orders with Imperia"), 82 (packing list does not state that goods were manufactured or actually sent), 83 (last clause of second sentence), 85 (first sentence), 86 (second and third sentences), 90 ("destined for export to the United States"), 91 (packing list does not state that goods were manufactured or actually sent), 92 ("destined to be exported to the U.S."), 94 (first sentence), 95 (second sentence), 98 (POs HK3527, HK3529, HK3526, HK3528,

HK3530, HK3531 and HK3532 were not placed on May 9, 2012), 100 (packing list does not

state that goods were manufactured or actually sent), 101 ("destined to be exported to the U.S."),

103 (first sentence), 104, 107 ("having previously discussed these orders with Imperia"), 108

(the goods were not manufactured by Lap Shing, and the packing list does not state that goods

were manufactured or actually sent), 109 ("destined to be exported to the U.S."), 111 (first

sentence), 112, 117 (the goods were not manufactured by Lap Shing, and the packing list does

not state that goods were manufactured or actually sent), 118 ("destined to be exported to the

U.S."), 120 (first sentence), 121, 125 ("having previously discussed these orders with Imperia"),

126 (the goods were not manufactured by Lap Shing, and the packing list does not state that

goods were manufactured or actually sent), 127 (the portion of the statement behind the semi-

colon), 129 (first sentence), 130, 134 ("destined for export to the United States"), 135 (Lai Wan,

not Lap Shing, was involved in the transaction reflected in Pl. Ex. N), 136 (Lai Wan, not Lap

Shing, was involved in the transaction reflected in Pl. Ex. N), 138 (first sentence) and 139.

Therefore, because these statements lack the evidentiary support required by USCIT Rule

56.3, they should be stricken from the record.

### 4.  Statements relying on evidence containing untranslated foreign language should be stricken

As noted in our response to Plaintiff's Rule 56.3 Statement, the following paragraphs of

Plaintiff's Rule 56.3 Statement rely on documents containing foreign language.  Plaintiff has not

provided a translation of that foreign language.  "It is a 'well-established rule that a document in a

foreign language is generally inadmissible unless accompanied by a certified English translation.'"

*Heredia v. Americare, Inc.*, 2020 U.S. Dist. LEXIS 122880, *11-*12 (S.D.N.Y. July 13, 2020)

(citations omitted).  Therefore, because plaintiff cannot rely on such documents as evidence to

support its statements, these statements should be stricken from the record.

The deficient paragraphs of Plaintiff's Rule 56.3 Statement are paragraphs 19 (Pl. Ex. A, Docket No. 58-4 at 5-14), 21 (Pl. Ex. A, Docket No. 58-4 at 15), 28 (Pl. Ex. B, Docket No. 58-4 at 42-44), 30 (Pl. Ex. B, Docket No. 58-4 at 45), 37 (Pl. Ex. C, Docket No. 58-4 at 74-89), 39 (Pl. Ex. C, Docket No. 58-4 at 90), 46 (Pl. Ex. D, Docket No. 58-4 at 115-122), 48 (Pl. Ex. D, Docket No. 58-4 at 123), 55 (Pl. Ex. E, Docket No. 58-4 at 138-147), 57 (Pl. Ex. E, Docket No. 58-4 at 148), 64 (Pl. Ex. F, Docket No. 58-4 at 167), 66 (Pl. Ex. F, Docket No. 58-4 at 168), 73 (Pl. Ex. G, Docket No. 58-4 at 187-191), 75 (Pl. Ex. G, Docket No. 58-4 at 192), 81 (Pl. Ex. H, Docket No. 58-5 at 6-17), 83 (Pl. Ex. H, Docket No. 58-5 at 18), 90 (Pl. Ex. I, Docket No. 58-5 at 73-76), 92 (Pl. Ex. I, Docket No. 58-5 at 77), 99 (Pl. Ex. J, Docket No. 58-5 at 108-124), 101 (Pl. Ex. J, Docket No. 58-5 at 125), 107 (Pl. Ex. K, Docket No. 58-5 at 147-153), 109 (Pl. Ex. K, Docket No. 58-5 at 154), 116 ((Pl. Ex. L, Docket No. 58-5 at 172-173), 118 (Pl. Ex. L, Docket No. 58-5 at 174), 125 (Pl. Ex. M, Docket No. 58-5 at 189-202), 127 (Pl. Ex. M, Docket No. 58-5 at 203), 134 (Pl. Ex. N, Docket No. 58-5 at 283-287), and 136 (Pl. Ex. N, Docket No. 58-5 at 288).

Therefore, because plaintiff cannot rely on such documents as evidence to support its statements, these statements should be stricken from the record.

**B.      Certain Of Plaintiff's Evidence Should Be Stricken From The Record**

**1.    <u>The Affirmation of Mr. Raffi Shaya should be stricken</u>**

Plaintiff relies on the Affirmation of Mr. Raffi Shaya in support of its motion for summary judgment. This affirmation should be stricken for failing to comply with 28 U.S.C. § 1746, USCIT Rule 56(c)(4), and Federal Rule of Evidence 602. Section 1746 provides:

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

Mr. Shaya's affirmation has not been executed because it lacks the signature required by section 1746.  The Shaya Affirmation also lacks a statement that assertions included therein are "true and correct" as required by section 1746.

### 2.  Portions of the Affirmation of Mr. Raffi Shaya should be stricken

Portions of Mr. Shaya's Affirmation fail to comply with USCIT Rule 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated") or Fed. Rule Evid. R. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

Specifically, paragraph 5 of the Shaya Affirmation states that Team Energy and New Treasure had contracted with freight forwarder Wider, which tendered the merchandise covered by the subject entries to Customshouse broker Agra-Services. Paragraph 7 states that Agra-Services billed Wider for the subject entries and Wider paid brokerage services and duties.  The information in paragraphs 5 and 7 was communicated to Mr. Shaya.  Consequently, the events described in these paragraphs are not events about which Mr. Shaya has personal knowledge.  Instead, his knowledge is second-hand. Therefore, these statements violate USCIT Rule 56(c)(4) and Fed. Rule Evid. R. 602 and constitute inadmissible hearsay.

Similarly, Mr. Shaya attaches as Exhibit A to his affirmation letters from Team Energy and New Treasure.  Shaya Aff. ¶ 8.  Thus, paragraph 8 of the Shaya Affirmation

violates USCIT Rule 56(c)(4) and Fed. Rule Evid. R. 602 and constitutes inadmissible hearsay.

Moreover, these letters are undated, unsworn (indeed, the New Treasure letter is not even signed), unauthenticated, and were prepared in anticipation of litigation. Thus, these documents constitute inadmissible evidence. Further, neither letter's evidentiary deficiencies can be rehabilitated because no person from Team Energy or New Treasure was identified as a witness by Imperia under USCIT Rule 26(a)(1)(A).

The Shaya Affirmation is further deficient because certain of the statements contained in it are internally inconsistent. These inconsistencies render those paragraphs of the Shaya Affirmation insufficient to constitute admissible evidence for the Court's consideration. *See Cisneros v. Mukasey*, 292 Fed. Appx. 550, 551 (9th Cir. 2008) (evidence offered through an internally inconsistent declaration found insufficient).

Mr. Shaya states that he is the custodian of records for plaintiff and "that the documents which Imperia has provided in support of its Motion for Summary Judgment in this case are the business records of the company, kept in the course of a normally conducted business enterprise, and are accurate in all respects." Shaya Aff. ¶ 19.

However, the Shaya Affirmation states that when U.S. Customs and Border Protection (CBP) officials sought information about the subject entries, a review of Imperia's records produced no evidence that Imperia had made these entries. Shaya Aff. ¶ 4. Mr. Shaya requested that Imperia's Hong Kong suppliers, Team Energy and New Treasure, "provide Imperia's counsel with copies of their purchase orders to the manufacturers, the manufacturers' invoices, and proofs of payment of those invoices." Shaya Aff. ¶ 12; *see also* Shaya Aff. ¶ 15.

Thus, by Mr. Shaya's own admission, these documents could not be business records of Imperia because Imperia did not possess them nor was Imperia keeping them as part of its records.  Instead, these documents are the records of Team Energy or New Treasure that were obtained by Imperia in connection with anticipated litigation, *i.e.*, Imperia's protest of the appraisement and liquidation of the entries at issue in this action.

The Shaya Affirmation claims that the documents are "accurate," yet the entry papers list Imperia as the importer of record, and Mr. Shaya claims that Imperia was not the importer of record based on its agreement with Team Energy.  *See* Shaya Aff. ¶ 6. Further, the values on the entry summaries do not reflect either the amount purportedly paid by Imperia to Team Energy or the amount paid by Team Energy to the manufacturer.  *See* Docket Nos. 58-4 (Pl. Exs. A-G) and 58-5 (Pl. Exs. H-N).

Mr. Shaya states that he was approached by two of Imperia's suppliers about purchasing wearing apparel accessories on "Delivered Duty Paid" terms and, because the prices were acceptable, he placed "purchase orders with them for goods to be delivered 'DDP Port Washington, New York.'"  Shaya Aff. ¶ 2.  The Imperia purchase orders offered in support of its motion for summary judgment do not state that the goods are to be delivered "DDP" Port Washington, New York, and they appear to be only for wearing apparel rather than accessories.  *See* Docket No. 58-4 at 3-4; 41; 63-73; 108-114; 137; 166; 181-186, and Docket No. 58-5 at 4-5; 70-72; 100-107; 145-146; 170-171; 183-188; 282.  Similarly, the invoices issued to Imperia mentioned in paragraph 9 of the Shaya Affirmation do not reference "DDP Port Washington, NY."  *See* Docket No. 58-4 at 35; 58; 103; 132; 161; 176; 209, and Docket No. 58-5 at 56-57; 94; 140; 165; 178; 273-274; and 298.

9

In light of its deficiencies, the Shaya Affirmation should be stricken.  However, should the Court accept a late, executed copy of the Shaya Affirmation, which we urge the Court not to do, only those portions of the Shaya Affirmation that clearly reflect Mr. Shaya's personal knowledge, rather than information gathered from others, and are not internally inconsistent should be considered.

### 3. Documents of Team Energy, Lap Shing, and Lai Wan should be stricken

In support of its motion for summary judgment, plaintiff offers the middleman's purchase orders (Team Energy) to the manufacturers (Lap Shing o/b Kin Shing, and Lai Wan), the manufacturers' invoices (Lap Shing o/b Kin Shing, and Lai Wan) to the middleman (Team Energy), and proofs of payment from the middleman (Team Energy) to the manufacturer (Lap Shing o/b Kin Shing) (the Middleman/Manufacturer Documents).[1]  *See* Pl. Exs. A-N.[2]  None of these documents have been authenticated. Authentication is a condition precedent to admissibility.  *See Robinson v. City of Garland, Tex.*, Civ. Action No. 3:10-CV-2496, 2016 WL 1253557, *3 (N.D. Tex. Feb 29, 2016).

The Federal Rules of Evidence provide methods through which documents may be authenticated.  For example, by satisfying Federal Rule of Evidence 902(12), foreign documents, such as these, may be admissible as self-authenticating business records.

---

[1] We note that none of the proofs of payment in Pl. Exs. A-N were to Lai Wan.  We further note that Lap Shing is not the manufacturer but for ease of reference use Lap Shing rather than Kin Shing because the documents appear to have been generated by Lap Shing.

[2] Specifically, documents of Docket No. 58-4 at 5-34, 42-57, 74-102, 115-131, 138-160, 167-175, and 187-208; and Docket No. 58-5 at 6-55, 73-93, 108-139, 147-164, 172-177, 189-272, and 283-297 constitute the Middleman/Manufacturer Documents.

Rule 902(12) provides:

> In a civil case, the original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification, rather than complying with a federal statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

Rule 902(11) requires the certification of a custodian to show that the document is a record of a regularly conducted activity and meets the requirements of Rule 803(6)(A)-(C), which provides that:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and
> (C) making the record was a regular practice of that activity.

For the reasons shown above, the Shaya Affirmation cannot satisfy these requirements. Nor does plaintiff tender any other affirmation to support the admissibility of the Middleman/Manufacturer Documents.

Moreover, plaintiff cannot rectify this problem with later provided affirmations because it did not identify any witnesses, including records custodians, from Team Energy, Lap Shing, or Lai Wan in accordance with USCIT Rule 26(a)(1)(A).

USCIT Rule 26(a)(1)(A) provides, in relevant part, that a party must provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Courts have recognized that records custodians must be disclosed in initial disclosures. *See U.S. ex rel Fago v. M & T Mortg. Corp.*, 518 F. Supp. 2d

108, 113-114 (D.D.C. 2007) (striking declarations of records custodians who had not been disclosed pursuant to Fed. R. Civ. P. 26).[3]  Here, plaintiff made no such disclosures.

Accordingly, because plaintiff has failed to show, and cannot now show through previously undisclosed witnesses, that the Middleman/Manufacturer Documents are admissible, these documents should be stricken.

**WHEREFORE**, defendant respectfully requests that the Court grant our motion to strike.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-in-Charge
        International Trade Field Office

        /s/ Beverly A. Farrell

*Of Counsel*:        BEVERLY A. FARRELL
Yelena Slepak        Senior Trial Attorney
Office of Assistant Chief Counsel    Civil Division, U.S. Dept. of Justice
International Trade Litigation    Commercial Litigation Branch
U.S. Customs and Border Protection   26 Federal Plaza, Room 346
        New York, New York 10278
        Tel.: (212) 264-9230
        Attorneys for Defendant

Dated: May 5, 2021

---

[3] Pursuant to USCIT Rule 1, "[t]he court may refer for guidance to the rules of other courts." Fed. R. Civ. P. 26(a)(1)(A) is the same as USCIT Rule 26(a)(1)(A).  Therefore, the Court may turn to decisions of other courts discussing the Federal Rule as guidance.  *See Zenith Radio Corp. v. United States,* 823 F.2d 518, 521 (Fed. Cir. 1987).

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. MARK A. BARNETT, *CHIEF JUDGE*

|  |  |  |
|---|---|---|
| IMPERIA TRADING, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 15-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |

## <u>CERTIFICATE OF COMPLIANCE</u>

I, BEVERLY A. FARRELL, a Senior Trial Attorney in the Office of the Assistant

Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field

Office, who is the attorney responsible for Defendant's Motion to Strike Portions of Plaintiff's

Rule 56.3 Statement of Material Facts, and to Strike Certain of Plaintiff's Evidence, relying upon

the word count feature of the word processing program used to prepare the response, certify that

this memorandum complies with the word count limitation under the Court's chambers

procedures and contains 3,478 words.

<u>/s/ Beverly A. Farrell</u>
Beverly A. Farrell

# ATTACHMENT
# [PROPOSED ORDER]

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. MARK A. BARNETT, *CHIEF JUDGE*

| | |
|---|---|
| IMPERIA TRADING, INC., | : |
| | : |
| Plaintiff, | :   Court No. 15-00142 |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant, | : |
| | : |

## **[PROPOSED] ORDER**

Upon reading defendant's Motion to Strike Portions of Plaintiff's Rule 56.3 Statement of Material Facts, and to Strike Certain of Plaintiff's Evidence; plaintiff's response thereto; and upon other papers and proceedings had herein, it is hereby

ORDERED that Paragraphs 2, 16, 24, 34, 43, 52, 61, 70, 78, 87, 96, 113, 122, 131, 138, and 140 of Plaintiff's Rule 56.3 Statement are stricken for failing to cite to any evidence as required by USCIT Rule 56.3; it is further

ORDERED that the first sentence in Paragraphs 23, 32, 41, 50, 59, 68, 76, 85, 94, 103, 111, 120, 129, and 138 of Plaintiff's Rule 56.3 Statement are stricken for failing to cite to any evidence as required by USCIT Rule 56.3; it is further

ORDERED that Paragraphs 16, 26, 35, 44, 53, 62, 71, 79, 88, 97, 105, 114, 123, 132, and 141 of Plaintiff's Rule 56.3 Statement are stricken because they contain statements constituting legal argument or conclusions of law rather than fact and are in contravention of the requirements of USCIT Rule 56.3; it is further

ORDERED that the last clause of the statements in Paragraphs 67, 84, 93, 102, 110, 119, 128, and 137 of Plaintiff's Rule 56.3 Statement are stricken because they contain statements constituting legal argument or conclusions of law rather than fact and are in contravention of the requirements of USCIT Rule 56.3; it is further

ORDERED that Paragraphs 5, 6, 7, 8, 9, 11, 25, 104, 112, 121, 130, and 139 of Plaintiff's Rule 56.3 Statement are stricken because the evidence cited does not support the statement as required by CIT Rule 56.3; it is further

ORDERED that the first sentence in Paragraphs 12, 14, 23, 32, 41, 50, 59, 68, 76, 85, 94, 103, 111, 120, 129, and 138; the first and second sentences of Paragraph 4; the second sentence in Paragraphs 3, 24, 33, 42, 46, 51, 60, 69, 77, 80, and 95; the second and third sentences of Paragraph 86; the third sentence in Paragraph 13; the portion of the statement behind the semi-colon of Paragraph 127 of Plaintiff's Rule 56.3 Statement are stricken because the evidence cited does not support the statement as required by CIT Rule 56.3; it is further

ORDERED that the language "Port Washington, NY based" and "wearing apparel and apparel" of Paragraph 1; the first twelve words of Paragraph 19; the first seven words of the first sentence of Paragraph 28; the second half of the second sentence of Paragraph 37; the language "having previously discussed the order with Imperia" and "destined for export to the United States" of first sentence of Paragraph 55; the language "destined to be exported to the U.S." of Paragraphs 57, 66, 75, 92, 101, 109, 118; the language "clearly denotes that the products are to be produced for exportation to the U.S." of Paragraphs 64 and 73; the language "Having previously discussed these orders with Imperia" of Paragraphs 81, 107, and 125; the last clause of the second sentence in Paragraph 83; and the language "destined for export to the United States" of Paragraphs 90 and 134 are stricken because the evidence cited does not support the statement as required by CIT Rule 56.3; it is further

ORDERED that the portions of Paragraphs 20, 29, 38, 47, 56, 108, 117, and 126 of Plaintiff's Rule 56.3 Statement suggesting that the goods were manufactured by Lap Shing or that the packing list states that the goods were so manufactured or actually sent are stricken because the evidence cited does not support the suggestion in these statements; it is further

ORDERED that the portions of Paragraphs 65, 74, 82, 91, and 100 of Plaintiff's Rule 56.3 Statement suggesting that the packing list states that the goods were manufactured or actually sent are stricken because the evidence cited does not support the suggestion in these statements; it is further

ORDERED the amount listed in Paragraph 58 is stricken because the evidence cited does not tie the amount to the items in Entry H67-1399534-7; it is further

ORDERED that the statement that POs HK3527, HK3529, HK3526, HK3528, HK3530, HK3531 and HK3532 were placed on 5/9/12 is stricken because the evidence cited does not support this statement; it is further

ORDERED that Paragraphs 19 (Pl. Ex. A, Docket No. 58-4 at 5-14), 21 (Pl. Ex. A, Docket No. 58-4 at 15), 28 (Pl. Ex. B, Docket No. 58-4 at 42-44), 30 (Pl. Ex. B, Docket No. 58-4 at 45), 37 (Pl. Ex. C, Docket No. 58-4 at 74-89), 39 (Pl. Ex. C, Docket No. 58-4 at 90), 46 (Pl. Ex. D, Docket No. 58-4 at 115-122), 48 (Pl. Ex. D, Docket No. 58-4 at 123), 55 (Pl. Ex. E, Docket No. 58-4 at 138-147), 57 (Pl. Ex. E, Docket No. 58-4 at 148), 64 (Pl. Ex. F, Docket No. 58-4 at 167), 66 (Pl. Ex. F, Docket No. 58-4 at 168), 73 (Pl. Ex. G, Docket No. 58-4 at 187-191), 75 (Pl. Ex. G, Docket No. 58-4 at 192), 81 (Pl. Ex. H, Docket No. 58-5 at 6-17), 83 (Pl. Ex. H, Docket No. 58-5 at 18), 90 (Pl. Ex. I, Docket No. 58-5 at 73-76), 92 (Pl. Ex. I, Docket No. 58-5 at 77), 99 (Pl. Ex. J, Docket No. 58-5 at 108-124), 101 (Pl. Ex. J, Docket No. 58-5 at 125), 107 (Pl. Ex. K, Docket No. 58-5 at 147-153), 109 (Pl. Ex. K, Docket No. 58-5 at 154), 116 ((Pl. Ex.

L, Docket No. 58-5 at 172-173), 118 (Pl. Ex. L, Docket No. 58-5 at 174), 125 (Pl. Ex. M, Docket No. 58-5 at 189-202), 127 (Pl. Ex. M, Docket No. 58-5 at 203), 134 (Pl. Ex. N, Docket No. 58-5 at 283-287), and 136 (Pl. Ex. N, Docket No. 58-5 at 288) of Plaintiff's Rule 56.3 Statement are stricken because the evidence cited contains foreign language without an accompanying translation. *See Heredia v. Americare, Inc*., 2020 U.S. Dist. LEXIS 122880, *11-*12 (S.D.N.Y. July 13, 2020); it is further

ORDERED that the Affirmation of Mr. Raffi Shaya is stricken for failing to comply with 28 U.S.C. § 1746, USCIT Rule 56(c)(4), and Federal Rule of Evidence 602; and it is further

ORDERED that the portions of Plaintiff's Exhibits A-N found at Docket No. 58-4 at 5-34, 42-57, 74-102, 115-131, 138-160, 167-175, and 187-208; and Docket No. 58-5 at 6-55, 73-93, 108-139, 147-164, 172-177, 189-272, and 283-2976, 7, 8, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 62, and 63 are stricken for failure to comply with Federal Rules of Evidence 902(12), 902(11), and 803(6)(A)-(C) along with USCIT Rule 26(a)(1)(A).

_____

Mark A. Barnett, Chief Judge

Dated: _____
     New York, New York