## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE HON. MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| Imperia Trading, Inc.,<br>*Plaintiff*<br><br>v.<br><br>United States of America,<br>*Defendant* | Court No. 15-142 |

### PLAINTIFF'S MOTION TO STAY BRIEFING OF RULE 56 MOTION PENDING RESOLUTION OF FEDERAL CIRCUIT APPEAL

#### I.     INTRODUCTION

Plaintiff moves, in accordance with Rules 1 and 7 of the Rules of the United States Court of International Trade, to stay briefing of the Rule 56 *Motion for Summary Judgment* currently pending in this action until the United States Court of Appeals for the Federal Circuit resolves the case of *Meyer Corp., U.S. v. United States*, Appeal No. 2021-1932. For the reasons set forth herein, it is appropriate for this Court to stay completion of briefing on the pending Rule 56 Motion in this case until the Federal Circuit has decided a critical issue in the *Meyer Corp., U.S.* Appeal.

#### II.     DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Aluminum Extrusions Fair Trade Comm. v. United States,* 2018 Ct. Intl. Trade LEXIS 107 at 4-5 (citing *Landis v. North American Co.*, 299 U.S. 254 (1936)). A decision as to "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Aluminum Extrusions Fair Trade Comm. v. United States,* 2018 Ct. Intl. Trade LEXIS 107 at 4-5 (Citing

*Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal citations omitted). In making this decision, the court must "weigh competing interests and maintain an even balance." *SKF USA Inc. v. United States,* 36 C.I.T. 842, 844 (citing *Landis*, 299 U.S. at 257.).

The question in the instant valuation case is whether the transaction value of imported wearing apparel should be calculated according to the "first-sale" price at which certain Chinese manufacturers sold the goods to Hong Kong-based middlemen, or the "second sale" in which the middle man resold the goods to plaintiff. In both cases, the relevant sales were on terms indicating that they were "for export to the United States" such that the sales could be an appropriate basis for determining transaction value. Under the well-established rule set out in *Nissho-Iwai American Corp. v. United States*, 982 F.2d 505 (Fed. Cir. 1992), where there are two or more sales of merchandise "for export to the United States", the dutiable "transaction value" [19 U.S.C. §1401a(b)] may be based on the first such sale which is at "arms' length".

Plaintiff filed its Rule 56 Motion for Summary Judgment on March 15, 2021 [ECF 58]. Defendant filed its response to that motion on April 29, 2021. [ECF 61]. In its response to plaintiff's motion, defendant relies heavily on this Court's recent decision in *Meyer Corp., U.S. v. United States*, Slip Op. 21-26 (March 1, 2021). Specifically, defendant relies upon the *Meyer* decision for the proposition that the "first-sale" rule of transaction value appraisement may not be utilized where the goods in question are from, or contain inputs from, "non-market economy" countries. In the instant case, the subject apparel is from the People's Republic of China, a country which is recognized as a "non-market economy" country ("NME") for purposes of the antidumping and countervailing duty laws. Plaintiff submits that the question of whether the country of manufacture of an imported good is considered an NME for antidumping and

countervailing duty purposes has no bearing on the valuation of the merchandise under Section 402(b) of the Tariff Act of 1930, 19 U.S.C. Section 1401(a)(b). Defendant has made the *Meyer* decision a center piece of its argument relating to the pending Summary Judgment Motion.

The *Meyer Corp., U.S.* decision is a significant one which has been widely debated and has attracted significant press coverage[1]. It is also one which, this court has indicated, guidance from the Court of Appeals would be helpful. As Judge Aquilino wrote in his *Meyer* decision,

> Second, and more broadly, as a result of its consideration of the issues presented here, this court has doubts over the extent to which, if any, the "first sale" test of Nissho-Iwai was intended to be applied to transactions involving non-market economy participants or inputs. In that regard, the Court of Appeals for the Federal Circuit could provide clarification.

Slip Op. 21-26, at p.120. Obviously, should the Court of Appeals give concrete form to Judge Aquilino's doubts, plaintiff would be unsuited, because the merchandise at bar in this case is from China, recognized (for purposes of the antidumping and countervailing duty laws, at least) as a "nonmarket economy country." A stay of briefing on the present motion is justified while the Federal Circuit considers this seminal, and potentially dispositive, issue.

The *Meyer* decision was recently appealed to the United States Court of Appeals for the Federal Circuit. That court is expected to render a definitive determination regarding whether the presence of NME merchandise, or inputs in such merchandise precludes the use of the "first-sale" rule of transaction value, of transaction value appraisement generally.

---

[1] See, e.g., Trade Law Daily, Meyer Appeals CIT Decisions Denying First Sale Valuation, https://tradelawdaily.com/article/2021/05/11/meyer-appeals-cit-decision-denying-first-sale-valuation-2105100036 (May 11, 2021)(last accessed June 1, 2021); Lexology, Meyer decision: first sale remains savings avenue for importers, Meyer decision: first sale remains savings avenue for importers - Lexology (last accessed June 1, 2020); Mondaq, U.S. Importers Should Reevaluate "First Sale" Customs Programs, U.S. Importers Should Reevaluate "First Sale" Customs Programs - International Law - United States (mondaq.com) (last accessed June 1, 2021)

Because the Federal Circuit will be making an authoritative determination on one of the issues central to the pending Rule 56 Motion, plaintiff submits that it is appropriate to stay briefing of the Rule 56 Motion in this case until the Federal Circuit has spoken in the *Meyer* case. As undersigned counsel and his firm will serve as counsel for Meyer in that appeal, we are in a position to monitor the appeal closely and appraise this court if there are any relevant changes in the status of the appeal. This proposed stay will help conserve judicial recourses, while the parties await clarity on the NME issue from the Federal Circuit[2].

"Absent a showing by the Government that the proposed stay 'would severely affect the rights of others,' [plaintiff] is not required to 'make a strong showing of necessity' for the stay." *Jiaxing Brother Fastener Co. v. United States,* 179 F. Supp. 3d 1156, 1162 (Ct. Int'l Trade 2016). The Government cannot make any argument that the proposed stay behind *Meyer* at the Federal Circuit in the case would adversely affect any parties' rights. The Government will not be negatively affected by the proposed stay in any way.

Plaintiff has conferred with Beverly Farrell, Esq., counsel for defendant, who has indicated that defendant opposes the relief requested in this motion.

---

[2] Plaintiff notes that this Court entered a similar stay in a recent case, *T.R. International Trading Inc. v. United States,* Court No. 19-00022, staying briefing pending the Federal Circuit's en banc rehearing decision in *Sunpreme Inc. v. United States*, 946 F.3d 1300 (Fed. Cir. 2020). As a result of the decision in Sunpreme, the parties in *T.R. International* reconvened in a different legal landscape. Such a change is certainly a possibility in this case as well.

### III. CONCLUSION

Wherefore, plaintiff submits that good cause exists to stay briefing of the Rule 56 dispositive Motion in this action pending the Federal Circuit's resolution of the appeal in *Meyer Corp., U.S. v. United States,* No. 2021-1932 (Fed. Cir.).

Respectfully submitted,

NEVILLE PETERSON LLP
Counsel for Plaintiff

One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006

T: (212) 635-2730
F: (212) 635-2734

　/s/ John M. Peterson　
John M. Peterson, Esq.